# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. _____

**State Court Case No. 2021-CA-004943-O**

CHARLIE FRANK BOYD,

    Plaintiff,

vs.

SHERIFF OF ORANGE COUNTY, FLORIDA, SECRETARY OF DEPARTMENT OF CORRECTION, DISTRICT ATTORNEY OF THE NINTH JUDICIAL CIRCUIT OF FLORIDA,

    Defendants.

_____/

## NOTICE OF REMOVAL

Defendant, Sheriff John Mina, in his official capacity as Sheriff of Orange County ("Sheriff Mina"), files this Notice of Removal of Plaintiff's civil action from the Ninth Judicial Circuit Court of Orange County, Florida to this Court in accordance with 28 U.S.C. §§ 1331, 1441(c)(A) and 1446 permitting the removal of civil action that join Federal law claims and State law claims as discussed below.

## BACKGROUND AND JURISDICTION

1. Plaintiff is (or was) an inmate at the Graceville Correctional Facility in Florida and is proceeding *pro se*.

1. On May 14, 2021, Plaintiff opened a civil action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida seeking damages and injunctive relief against Sheriff Mina and others for alleged tortious conduct including apparent violations of the United States Constitution. The case is styled *Charlie Frank Boyd v. Sheriff of Orange County Florida et al.*, Case No. 2021-ca-004943-O ("State Court Action").

2. On January 4, 2022, Plaintiff filed the Amended Complaint in the State Court Action. On February 15, 2022, Plaintiff provided the Graceville Correctional Facility with a summons and copy of the Amended Complaint.

3. Sheriff Mina was served on March 3, 2022.

4. As of the date of the filing of this Notice, only Sheriff Mina has been served. Summonses have been issued to the Secretary of the Department of Corrections and the District Attorney for Ninth Judicial Circuit of Florida but returns of service have not been filed.

5. The Amended Complaint purports to allege a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

6. According to Paragraphs 1-6 of the Amended Complaint, Sheriff Mina violated Plaintiff due process rights when he "unlawfully took and without authorization and through force the Plaintiff fingerprints with the intention to deprive the Plaintiff of ownership right to said fingerprints."

7. Plaintiff also alleges that Sheriff Mina violated his due process rights by opening a criminal investigative file on Plaintiff.

8. While the Amended Complaint clearly fails to state entitlement to relief under any theory, the claim against Sheriff Mina arises under the Due Process Clause of the Fourteenth Amendment. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 8-11 (1983) (explaining how to determine whether a claim "arises under" the Constitution of the United States).

9. Also, according to Paragraphs 1-6 of the Amended Complaint, Plaintiff purports to allege a violation of article 1, section 9 of the Florida Constitution.

10. Accordingly, in addition to claims arising under the Constitution of the United States, the Amended Complaint purports to allege claims arising under Florida law that are "not within the original or supplemental jurisdiction of the district court." 28 U.S.C. §§1441.

3

11. Accordingly, removal is proper under 28 U.S.C. §§1441(c) due to Plaintiff's joinder of federal law claims and state law claims.

12. As no other defendants have been served as of yet, joinder by the other defendants in this removal is not required.

13. In accordance with Local Rule 1.06, and the Middle District of Florida removal instructions, Sheriff Mina has attached the following:

    a. **Exhibit A**   Civil Cover Sheet;

    b. **Exhibit B**   Amended Complaint;

    c. **Exhibit C**   Docket Sheet; and

    d. **Exhibit D**   all other filings.

## REMOVAL IS TIMELY

14. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it is filed prior to the expiration of thirty days after the date Defendant was served a copy of the Amended Complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the time to remove an action runs from receipt of service of process).

## VENUE

15.  Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the State Court Action is pending.

## NOTICE OF REMOVAL WILL BE PROVIDED TO THE CIRCUIT COURT

16.  Sheriff Mina is serving this written Notice of Removal of this case on Plaintiff, and a Notice of Filing this Notice of Removal will be promptly filed with the Clerk of the Ninth Judicial Circuit Court in Orange County, Florida in accordance with 28 U.S.C. §1446(d).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2022, I filed the foregoing Defendant's Notice of Removal using the CM/ECF system which will send a notice of electronic filing to any parties or counsel of record. I also certify that the foregoing document is being served this day to Plaintiff at the following address in accordance with Plaintiff's Notice of Change of Address filed in this Court on November 11, 2021:

Charlie Frank Boyd (inmate)
Graceville Correction Facility
5168 Ezell Rd.
Graceville, Florida 32440

/s/ Brian F. Moes
Brian F. Moes, Esquire
Florida Bar No. 39403
Walter A. Ketcham, Jr., Esquire
Florida Bar No. 156630
G. Ryan Dietrich, Esquire
Florida Bar No. 1007940
Fisher Rushmer, P.A.
200 E. Robinson St., Suite 800
Orlando, FL 32801
Telephone:   407-843-2111
Facsimile:    407-422-1080
Email:
bmoes@fisherlawfirm.com
wketcham@fisherlawfirm.com
rdietrich@fisherlawfirm.com
kperlebach@fisherlawfirm.com
sbrooks@fisherlawfirm.com